IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

POD ASSOCIATES, INC.,

    Plaintiff,

vs.                                                      No. CIV 96-0849 MV/DJS

BOOZ ALLEN & HAMILTON INC.,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff POD Associates, Inc.'s Application for Review of Clerk's Order Settling Costs, filed March 1, 1999 [**Doc. 287**]. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully informed, finds that the motion is well taken and will be **GRANTED IN PART** and **DENIED IN PART**, as explained below.

## **ANALYSIS**

"Federal Rule of Civil Procedure 54(d) authorizes an award of costs to prevailing parties. The Rule states that 'costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.' Fed.R.Civ.P. 54(d)(1)." *Klein v. Grynberg*, 44 F.3d 1497, 1506 (10th Cir. 1995). The Tenth Circuit has held that this language "creates a presumption that the prevailing party shall recover costs." *Id*.

In the present case, Plaintiff POD objects to Clerk's Order settling costs in the amount of $36,021.18, on the following three grounds: (1) POD is unable to pay; (2) the litigation involved complex, close issues; and (3) certain of the specific costs awarded were not necessary to the litigation. The Court finds only the last argument compelling in part.

First, Plaintiff POD asserts that it is unable to pay the $36,021.18 judgment. However, Plaintiff has failed to provide any factual support for this assertion, not even an affidavit signed under oath. Thus, the Court finds that Plaintiff– a corporate entity, not a *in forma paupris* plaintiff– has failed to establish that paying the cost award would be a hardship. *See McGill v. Faulkner*, 18 F.3d 456, 458-59 (7th Cir. 1993).

Second, Plaintiff asserts that the parties should bear their own costs because the issues in this case were complex and vigorously contested. As Defendant points out, the Tenth Circuit has specifically disapproved of this as a basis for striking an award of costs to the prevailing party. *Klein v. Grynberg*, 44 F.3d 1497, 106-07 (10th Cir. 1995). The *Klein* court held that the district court had abused its discretion in denying a prevailing party costs because the issues in the case were "complex" and "close," resulting in protracted litigation through no fault of the parties. The court stated,

> [p]laintiffs prevailed on the major issues in this case. To deny them costs would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied. We find no justification to penalize plaintiffs because this litigation was complex or lengthy.

*Id*. (citations omitted). Further, the Court finds that the issues presented in this case all concerned well-settled principles of contract and tort law which, although hotly contested, were no more complex than the typical litigation before this Court.

2

Third, Plaintiff contests the award of certain costs claimed by Defendant. In particular, Plaintiff asserts that the Court should disallow: (1) expenses for depositions not cited in the Court's Order granting Defendant summary judgment; (2) expenses for floppy disks and compressed transcripts; and (3) photocopying expenses.

As to the first item, Local Rule 54.2(b) allows for the award of costs incurred in preparing depositions that are "reasonably necessary to the litigation." The Rule provides that a deposition is reasonably necessary to litigation if "(B) the deposition is used by the Court in ruling on motion for summary judgment; or (C) the Court so determines." *Id*. In the present case, the Clerk allowed costs for all depositions cited in the numerous motions for summary judgment filed with this Court. Plaintiff asserts that only those depositions actually cited by the Court fall into the category of depositions "used" by the Court in making its ruling. This proposition the Court must reject. The Court carefully reviewed all materials submitted to it by the parties. The fact that the Court did not cite each and every deposition in no manner demonstrates that the Court did not "use" the deposition in reaching its ruling. Moreover, the Tenth Circuit has held that even depositions not referenced in dispositive motions may be "reasonably necessary" to the litigation, depending on the circumstances. *See Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998). Plaintiff has failed to demonstrate that the depositions taken here were not otherwise necessary to the litigation, as outlined in defense counsel's affidavit submitted in support of its cost bill.

Next, Plaintiff argues that the costs of floppy disks and compressed transcripts are not awardable under the local rules or statute, and that these items were not necessary to the litigation but were acquired for the convenience of counsel. The controlling statute provides for the taxation of "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained

for use in the case." 28 U.S.C. § 1920(2). Local Rule 54.2(b)(1) provides for the taxing of costs for "the original or a copy of the deposition transcript."

Arguably floppy disks and compressed transcripts constitute "all or any part of the stenographic transcript" under 28 U.S.C. § 1920(2). However, the Court has been unable to locate any case awarding costs for these expenses. "Further, several courts have held that expenditures for computerized litigation support, document retrieval, and document management are not taxable as costs." *Green Construction Co. v. Kansas Power and Light Co*, 153 F.R.D. 670, 680 (D.Kan. 1994)(citing *Northbrook Excess and Surplus Ins. Co. v. Proctor & Gamble Co.*, 924 F.2d 633, 643-44 (7th Cir.1991); *Berkey Photo, Inc. v. Eastman Kodak Co.*, 603 F.2d 263, 309 n. 75 (2d Cir.1979); *E.E.O.C. v. Sears, Roebuck & Co.*, 111 F.R.D. 385, 394-95 (N.D.Ill.1986); *Litton Systems, Inc. v. A.T. & T.*, 613 F.Supp. 824, 836 (S.D.N.Y.1985)). Although the Court does not doubt that these items were useful, given that Defendant will be compensated for the expense of preparing paper transcripts as well, the Court is not convinced that these items are necessary rather than merely convenient to counsel.

Defendant responds by analogizing the computer disks and compressed transcript to videotaped deposition costs, which the Tenth Circuit has allowed even when the party is also awarded costs for transcribing the same deposition. *Tilton v. Capital Cities/ABC, Inc*., 115 F.3d 1471, 1477 (10th Cir. 1997). The *Tilton* court stated,

> [w]e agree with the district court that the costs associated with videotaping a deposition are taxable under section 1920(2). In so holding, we recognize that section 1920(2) does not explicitly provide for the taxation of costs associated with video depositions. Federal Rule of Civil Procedure 30(b)(2)-(3), however, authorizes videotape depositions as an alternative to traditional stenographic depositions. Interpreting section 1920(2) in conjunction with Rule 30(b)(2)-(3), we hold section 1920(2) implicitly permits taxation of the costs of video depositions.

4

*Id.* However, unlike videotaped depositions, the production of floppy disks and compressed transcripts is not specifically contemplated by any federal statute or rule. Further, the production of floppy disks and compressed transcripts is more akin to producing an additional paper copy of the deposition than the production of a videotape of the deposition, which requires an entirely different set of equipment and staff. While such items may be very useful to the parties, they have never in the past been deemed "necessary." Accordingly, the Court will subtract all costs awarded for the floppy disks and compresses transcripts, an amount totaling $1,110.80.

Finally, Plaintiff contests the award of $3,175.95 for photocopying expenses attributed to the production of documents for the Court and the provision of discovery documents to an expert witness for review. Section 1920 permits recovery of costs for "copies of papers" "necessarily obtained for use in the case." 28 U.S.C. § 1920(2), (4). Even the cases cited by Plaintiff recognize that "the cost of copying exhibits or other evidence attached to a dispositive motion or related brief may be taxable when the party seeking those costs prevailed on that motion." *United Int'l Holdings, Inc. v. Wharf Holding Ltd.*, 174 F.R.D. 479, 484 (D.Colo. 1997) (holding such costs not recoverable after trial); *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995)(affirming award of costs for "making copies of all pleading and other documents filed with the court."). The relevant question is whether the copies were "necessarily obtained for use in the case" or merely for convenience of counsel. *See Jones*, 54 F.3d at 633. The production of filing copies of dispositive motions is a necessary expense of litigation. *Id*. Likewise, the Court finds that the photocopying of discovery documents for Defendant's expert witness to review and use in reaching his opinion is also a necessary expense of litigation. It is unrealistic to require that an expert witness review voluminous documents only within the attorney's office or to expect an attorney to provide to an expert the only copy of relevant

5

documents. Accordingly, the Court concludes that the photocopies obtained here were "necessarily obtained for use in the case" and are therefore chargable expenses.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff POD Associates, Inc.'s Application for Review of Clerk's Order Settling Costs [**Doc. 287**] is hereby **GRANTED IN PART** and **DENIED IN PART**. The award of costs is reduced by $1,110.80, leaving a remaining award of $34, 910.38.

                                      MARTHA VÁZQUEZ
                                      UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:                        Attorneys for Defendants:
    Jeanne M. Bates                            James O. Browning
    John A. Klecan                              Curtis P. Lu